UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
:
UNITED STATES OF AMERICA                    :
:
:
:
– v. –                                      :
:                15 Cr. 730 (WHP)
:
HONG PING HE,                               :
   a/k/a "Katy," and                       :
BENSON CHIN,                                :
:
:
                          Defendants.  :
-------------------------------------------------------X


**THE GOVERNMENT'S SENTENCING MEMORANDUM**


                                                                    PREET BHARARA
                                                                   United States Attorney for the
                                                                   Southern District of New York,
                                                                   Attorney for the United States
                                                                        of America


JESSICA K. FENDER
Assistant United States Attorney
        *– Of Counsel –*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :
                                                      :
            – v. –                                    :
                                                      :    15 Cr. 730 (WHP)
                                                      :
HONG PING HE,                                         :
    a/k/a "Katy," and                                 :
BENSON CHIN,                                          :
                                                      :
                        Defendants.                   :
------------------------------------------------------X
```

## SENTENCING MEMORANDUM

The defendants in this matter are scheduled to be sentenced on July 30, 2016 at 2:30 p.m. The Government respectfully submits this memorandum in advance of sentencing and in response to the defendants' sentencing submissions filed on June 22, 2016. (*See* Defendant Benson Chin's Submission, Dkt. No. 38, and Defendant Hong Ping He's Submission, Dkt. No. 39 (hereafter, the "Chin Submission" or "He Submission," respectively).) For the reasons set forth below, the Government respectfully submits that a Guidelines' sentence is appropriate in this case for both defendants, and would be sufficient, but no greater than necessary, to achieve the legitimate purpose of sentencing.

## BACKGROUND

**A.**  *Offense Conduct*

As set forth in the Complaint, numerous undocumented women from Asian countries come to the United States each year. (He Presentence Investigation Report ("He PSR") ¶¶ 10-

13.)[1]  These women are often vulnerable to exploitation due to their lack English language skill, their inability to find legal employment, and their immigration status.  (*Id.*)  As a result, many of these women end up performing sex work, either by working in "massage parlors" offering prostitution services, or by working with someone who arranges "in-call" and/or "out-call" prostitution for customers.  (*Id.*)

Such was the case here.  The defendants set up a prostitution business, in support of which they placed ads in local Chinese-language newspapers seeking women to do massage work.  (*Id.* ¶ 14.)  In this way, they met the first victim described in the Complaint—"Victim-1."[2]  After Victim-1 contacted the defendants in July 2014, she was assured by them that she would be able to perform legal, non-sexual massage work.  (*Id.* ¶ 16.)  Trusting the defendants, Victim-1 gave the little money she had to them for safekeeping.  (*Id.* ¶ 19.)  Victim-1 was then transported to the first of three motels.  (*Id.* ¶¶ 18, 23.)  After she was taken to the first motel, she was told by Hong Ping He, a/k/a "Katy," (hereafter, "Defendant He") that she had to engage in sex acts for money.  (*Id.* ¶ 20.)  Victim-1 initially refused but, after being told that she would be abandoned at the motel if she did not prostitute herself, she eventually conceded and began serving customers.  (*Id.* ¶ 21-22.)  The defendants moved her to various motels, taking any

---

[1]  The Offense Conduct section of each defendant's PSR is identical, and so the Government references Defendant He's submission for simplicity.

[2]  Victim-1 submitted a Victim Impact Statement and an Affidavit of Loss to the Court, a copy of which was also provided to the defendants and is attached hereto as Exhibit A.  To protect her identity, Victim-1's name was redacted from those documents as well.  The Victim Impact Statement and Affidavit of Loss were not submitted in time to be included in the Presentence Investigation Report.  (*See* He PSR ¶ 49.)

2

money she had earned over the prior days.³  (*Id.* ¶ 23.)  Finally, when Victim-1 threatened suicide, the defendants agreed to send a car service to transport Victim-1 from New Jersey back to Flushing, Queens.  (*Id.* ¶ 24.)  Victim-1 never received the money she had given the defendants for safekeeping, much less any of the proceeds from her work as a prostitute.  (*Id.* ¶ 25.)

Victim-2, whose story is also recounted in the Complaint, worked as a prostitute for the defendants in about September 2014.  (*Id.* ¶ 27.)  As with Victim-1, the defendants recruited Victim-2 by placing ads in a Chinese-language newspaper, and as with Victim-1, the defendants transported Victim-2 from Queens to various motels in New Jersey for the purpose of engaging in prostitution.  (*Id.* ¶¶ 28-33.)

As a result of the investigation in this case, it was found that the defendants' prostitution business involved approximately 10 to 12 victims in total, and spanned from about May to December of 2014.  (*Id.* ¶ 48.)

    **B.**    *Procedural History*

The defendants were charged by Complaint, and on or about June 26, 2015, the defendants were arrested.  The defendants subsequently were arraigned on a three-count Felony Information: In Count One, they were charged with conspiring to engage in an interstate prostitution business, in violation of Title 18, United States Code, Section 371; in Count Two, they were charged with interstate transportation of others for the purposes of prostitution, in violation of Title 18, United States Code, Sections 2421 and 2; and in Count Three, they were charged with using interstate commerce to promote unlawful activity, in violation of Title 18,

---

³    Victim-1 had the presence of mind to take a photograph of one of the motels she stayed at, and was able to recall part of the defendants' Mercedes-Benz license plate number.  (He PSR ¶ 26.)

United States Code, Section 1952(a)(3) and 2.  (*See* Dkt. No. 23; He PSR ¶ 1.)  On February 5, 2016, both defendants entered into plea agreements with the Government in which they pleaded guilty to Count Two of the Information.  (He PSR ¶ 5; Chin PSR ¶ 5.)

Pursuant to each defendant's plea agreement, the parties stipulated that the base offense level is 14 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2G1.1(a)(2).  (He PSR ¶ 6(b)).  Because their enterprise involved between 10 and 12 victims, and each person transported for purposes of prostitution is to be treated as a separate victim; thus, under to U.S.S.G. § 3D1.4(a), a 5-level increase is warranted.  After taking into account acceptance of responsibility points, the overall offense level is 16.  (PSR ¶ 4(b)-(c)).  Because each defendant's Criminal History Category is I, the applicable Guidelines range for both defendants is 21 to 27 months' imprisonment.  (He PSR ¶ 6(h); Chin PSR ¶ 6(g)).  The Probation Office has calculated the same Guidelines range, and recommends a sentence of 21 months for each defendant.  (He PSR at 20; Chin PSR at 21).

## DISCUSSION

### A.   *Applicable Law*

The United States Sentencing Guidelines provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although the Guidelines are no longer mandatory, the Guidelines are a helpful resource that district courts must take into account when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### A. *Discussion*

In letters dated June 22, 2016, counsel for the defendants argue that the Guidelines Range of 21-27 months' incarceration would be excessive, and ask this Court to impose a sentence of probation (*see* Chin Submission at 1, 3) or a "non-incarceratory sentence" (*see* He Submission at 1, 5). The Court should decline to do so, as a Guidelines sentence is appropriate for both defendants in this matter. Each of the relevant considerations under 18 U.S.C. § 3553(a) underscore the appropriateness of a sentence within the Guidelines Range. The Government

addresses each defendant's sentence in turn, but before turning to that analysis, the Government addresses the defendants' objection to Victim-1's characterization of her treatment.

### 1. *Victim-1*

Both defendants object to Victim-1's portrayal of her treatment while she worked for them as a prostitute. (*See* Chin Submission at 2, He Submission at 2.) In determining whether to bring the charges set out in the Complaint and Information, however, the Government met with Victim-1 on numerous occasions, vetting the information provided by Victim-1 and corroborating that information wherever possible. After undertaking that analysis, the Government found Victim-1 to be credible. The Government stands by that determination.

As she recounts in her Impact Statement, Victim-1 was traumatized at the hands of the defendants—she describes feeling ashamed, doomed, hopeless, and haunted. (*See* Apr. 25, 2016 Ltr. of Victim-1, attached hereto as Exhibit A.) She suffered serious physical ailments, including dizziness, headaches, and abdominal cramps. (*Id.*) Almost two years after her experience, she says she still cannot help but feel that she is "no longer a good woman or a whole person." (*Id.*) Because of what she suffered, Victim-1 simply wants to put this episode behind her.

As a result, the Government elected not to seek a sentencing enhancement for the defendants' use of "fraud or coercion," *see* U.S.S.G. § 2G1.1(b)(1), and is not seeking a *Fatico* hearing to prove the specific allegations made by Victim-1 of her treatment. The Government understands that the defendants likewise do not seek a *Fatico* hearing on this issue. Nonetheless, the Court can give the weight the Court feels warranted to Victim-1's Impact Statement as it considers all of the factors under 18 U.S.C. § 3553 in determining an appropriate sentence. *See United States* v. *Guang*, 511 F.3d 110, 122 (2d Cir. 2007) ("The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown

evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations.") (citation and internal quotation marks omitted); *United States* v. *Scott*, 614 F. App'x 567, 569 (2d Cir. 2015) ("We have long held that a District Court may rely on hearsay evidence during sentencing. However, such hearsay evidence must be sufficiently reliable.") (citing *United States* v. *Juwa*, 508 F.3d 694, 701 (2d Cir. 2007)). The Government would urge the Court to credit Victim-1's Impact Statement in fashioning an appropriate sentence in this case.

### 2. *Hong Ping He*

As Defendant He's submission makes clear, she has faced significant challenges in her life, and her family relies heavily upon her for financial support. (He Submission at 4-5.) Both her PSR and her submission address this background in detail. (He PSR ¶ 112, He Submission at 4.) But although those circumstances should be considered by the Court, they cannot be used to excuse her behavior. Of note, Defendant He worked as a prostitute on numerous occasions prior to starting a prostitution business with her husband and co-defendant, Benson Chin. (He PSR ¶ 112, He Submission at 4.) This underscores the need for individualized deterrence in Defendant He's case, as she knew full well "that what she was doing was wrong and illegal." (He Submission at 4.) Despite that knowledge, she went on to perpetuate the victimization of women who come to the United States under the same impoverished and vulnerable circumstances she knows all too well. And unlike some of the women she prostituted with her husband, she came to the United States with the intent of violating the law. Although she has seen firsthand the degrading and dangerous nature of prostitution work, she was willing to use other women for her own economic gain. These factors, too, should be considered by the Court in fashioning an appropriate sentence.

### 3. *Benson Chin*

In contrast to his wife and co-defendant, Chin has had many opportunities to obtain legitimate employment and to become a productive member of society; instead, he elected to use women on the fringes of society for his own benefit. Chin is a naturalized U.S. citizen, and he has a significant educational background—he is a high-school graduate who even attended a few years of computer science classes at LaGuardia Community College. (Chin Submission at 2; Chin PSR ¶¶ 119-20.) Moreover, he has both the employable skills and the work history to allow him to provide for his family and his wife. (Chin PSR ¶ 121.) Nonetheless, he voluntarily chose to start a prostitution business in which he placed women in harms' way.

In addition, Chin has a prior arrest for promoting prostitution in 2008, when he was 40 years old. (Chin PSR ¶ 103.) While that case appears to have been dismissed, the fact that Chin had an arrest involving the same type of conduct alleged here underscores the need for individualized deterrence in Chin's case.

### 4. *Common Considerations*

The Government agrees that the defendants accepted responsibility in this matter by expeditiously entering guilty pleas and conserving Government resources. The defendants have not, however, fully accepted responsibility for their role in the alleged offense conduct. As detailed by the case agent in the Complaint, the continued victimization of a vulnerable population of women—those here illegally, with little money and fewer options—has become a national problem, and is a pressing problem in New York City in particular. Accordingly, provide just punishment, to promote respect for the law, and to deter the defendants and others from future unlawful conduct, a Guidelines sentence is warranted.

## **CONCLUSION**

As the Probation Office notes, the offense conduct here "has a far reaching impact on the lives of the victims." (He PSR at 21; Chin PSR at 22.) Victim-1's Impact Statement brings this into sharp focus. For all of the foregoing reasons, the Government submits that a sentence within the Guidelines range of 21 to 27 months is warranted to meet the purposes of sentencing for both defendants.

Dated: New York, New York
      June 25, 2016

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney for the
                          Southern District of New York

By:     _____
                          Jessica K. Fender
                          Assistant United States Attorneys
                          (212) 637-2276

# EXHIBIT A